Joseph P. Smith, State Bar No. 111003
LAW OFFICES OF JOSEPH P. SMITH
1605 East Fourth Street, Suite 250
Santa Ana, California 92701
Telephone: (714) 542-9455
Facsimile: (714) 542-9755
josephpsmithlaw@aol.com

Attorneys for Defendant Alfonso Luera, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ALFONSO LUERA, JR.,<br>Defendant. | **CASE NUMBER: ED CR 13-105-DDP-2**<br><br>**SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF ALFONSO LUERA, JR.** |

## INTRODUCTION

Alfonso Luera, Jr., comes before the Court for sentencing after entering a plea of guilty to two counts of willfully subscribing to a false tax return in violation of 26 U.S.C. section 7206 (1). This sentencing memorandum is submitted to assist the Court in determining an appropriate sentence pursuant to 18 U.S.C. section 3553 (a).

## SENTENCING PRINCIPLES

"The bedrock of federal sentencing" lies in the text and the factors set forth in 18 U.S.C. section 3553 (a). *United States v. Gupta,* 904 F.Supp.2d 349, 353 (S.D.N.Y. 2012). Of particular importance is the statute's "parsimony provision," which mandates that any sentence imposed must be "sufficient, but not greater than necessary" to comply with the purposes of sentencing as set forth in section 3553 (a) (2).

The parsimony provision – and its directive that a sentencing court must determine and impose the minimally sufficient sentence necessary to accomplish the statutory sentencing goals – is the "overarching" instruction" of section 3553 (a). *Kimbrough v. United States,* 552 U.S. 85, 100-101,111 (2007); *see also Pepper v. United States,* 131 S. Ct. 1229, 1242 (2011) (the sentencing judge's "overarching duty" under section 3553 (a) is to impose a minimally sufficient sentence). 18 U.S.C. Section 3553 (a) mandates that, in determining the minimally sufficient sentence, sentencing court must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant (section 3553 (a) (1));
2. the purpose of sentencing (section 3533 (a) (2));
3. the kinds of sentences available (section 3553 (a) (3));
4. the guidelines range, and any pertinent policy statements (section 3553 (a) (4) and (5));
5. the need to avoid unwarranted sentencing disparities (section 3553 (a) (6));
6. the need to provide restitution to any victims of the offense (section 3553 (a) (7)).

Although the sentencing court must first correctly calculate the advisory Guidelines range, the advisory range is merely "the starting point and initial benchmark." *United States v. Gall,* 552 U.S. 38, 49-50 (2007); *Kimbrough,* 552 U.S. at 108-09. Indeed, there is no "legal presumption that the Guidelines sentence should apply." *Rita v. United States,* 551 U.S. 338, 351 (2007); *Nelson v. United States,* 555 U.S. 350, 352 (2008). Rather, a sentencing court is required to consider all of the section 3553 (a) factors, not just the Guidelines, when fashioning a sentence. *United States v. Booker,* 543 U.S. 220, 245 (2005); *see also Rita,* 551 U.S. at 347-48; *United States v. Friedman,* 658 F.3d 342, 359 (3d Cir. 2011); *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006).

Sentencing courts should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall,* 552 U.S. at 52-53. Accordingly, punishment "should fit the offender and not merely the crime." *Pepper v. United States,* 131 S. Ct. at 1240 (internal citations omitted); *see also Miller v. Alabama,* 132 S. Ct. 2455, 2463 (2012) ("punishment for crime should be

graduated and proportioned to both the offender and the offense") (internal citations omitted); *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (noting that it is essential that district courts make an "individualized assessment based on the facts presented") (internal citations omitted).

**PROBATION IS A "SUFFICIENT" SENTENCE**

The PSR calculated Alfonso Luera's total offense level as 12. Mr. Luera, by and through his attorneys is in agreement with the government's move for a three-level reduction in the offense level due to Mr. Luera's substantial assistance in the prosecution of others in this case, and therefore, as adjusted, Mr. Luera's offense level would be 9. The government is recommending three years probation and restitution. Mr. Luera, by and through his attorneys is in agreement with the government's recommendation of probation.

In this case Mr. Luera acknowledged his involvement at the very start of the investigation into this case. Mr. Luera takes full responsibility for his conduct. As indicated by the government in the government's sentencing position in which the facts and circumstances of Mr. Luera's involvement and substantial assistance are laid out, he fully and substantially cooperated and assisted the government in this case. At the time of his involvement in this case back in 2009, he was a young 25 year old blinded by ambition and his need to prove himself to his family. He was seduced and succumbed to the temptation of making a lot of money. He is so very sorry and regretful for his criminal conduct in this case. He is embarrassed and very disappointed in himself, and realizes that this criminal conviction will follow and impact him for the rest of his life.

Since his involvement in this case, he has become a father. Having a child has changed his perspective on life. He dreads the day that he must explain to his son of his lack of judgment and wrongful conduct in this case. Because of his own mistakes, he is determined to install strong morals and good ethics in his son. He has learned that his wrongful actions in this case effects all and not just himself, and is determined to teach his son the overriding importance of right over wrong. He wants to become the father that his son can depend on and look up to.

Mr. Luera has recently opened up his own business in Riverside called Botanica. The inspiration for his business is his faith and belief in God. Being a business owner has taught him responsibility by having to work hard everyday in order to earn a living. He has high hopes that his business will thrive and will be enough to support his family.

Mr. Luera is looking to his present and his future and continues in his endeavors to be a good father, a successful business man, and a contributing member of his community. Mr. Luera is respectfully imploring this Court to please grant the government's motion to depart downward three levels to reflect Mr. Luera's substantial assistance to the government. Section 5K1.1 of the Sentencing Guidelines permits the Court to impose a sentence below a defendant's applicable sentencing guideline range when the defendant has provided substantial assistance in the investigation and prosecution to the government. He is respectfully asking the Court to not sentence him to imprisonment, mainly because of his very young son that he wants to be there for and to provide for. He was young and very impressionable when he found himself involved in this case. He was not very sophisticated and would never have gotten involved in this tax fraud scheme if left to his own devices (the government acknowledges this as well in their sentencing position). His involvement in this case was for a three month duration in which his primary job was mainly clerical. He never directly prepared any of the fraudulent tax returns. He admitted his wrongful involvement as the very being of the investigation. He fully cooperated and substantially assisted the government in the case, and he will continue to do so. He has no prior criminal history. He has demonstrated that he can be rehabilitated by being a responsible, hard-working, determined business owner as well as a loving father and a dedicated family man. By not imposing imprisonment and sentencing Mr. Luera to probation, the Court will be imposing a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set forth in 18 U.S.C. section 3553 (a) (2).

## CONCLUSION

For the reasons stated above as well as the government's sentencing position, Mr. Luera is respectfully requesting that this Court grant the government's motion for a three level reduction and to sentence Mr. Luera to probation.

Dated: January 20, 2016

Respectfully submitted,

Joseph P. Smith 111003

Jina Kim
Attorney for Defendant Alfonso Luera, Jr.